UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

DANHOE ALEJANDRO MEDINA LUGO,

    Petitioner,

v.   Case No.: 6:23-cv-232-WWB-DCI

MARIA MILAGROS RAMIREZ PADILLA,

    Respondent.
_____/

## ORDER

THIS CAUSE is before the Court on Petitioner's Verified Complaint and Petition for Return of a Minor Child to Venezuela ("**Petition**," Doc. 1). United States Magistrate Judge Daniel C. Irick issued a Report and Recommendation ("**R&R**," Doc. 85), in which he recommends that the Petition be denied. Petitioner filed Amended Objections[1] (Doc. 96), to which Respondent filed a Response (Doc. 97).

## I.   BACKGROUND

No party has objected to the relevant background as fully set forth in the R&R and it is hereby adopted and made a part of this Order. (Doc. 85 at 1–2).

## II.   LEGAL STANDARD

When a party objects to a magistrate judge's findings, the district court must "make

---

[1] Petitioner's Amended Objections—yet again—fails to comply with the Court's January 13, 2023 Standing Order, as well as the Local Rules. Petitioner's counsel is admonished for her repeated and inexplicable violations of Court orders. However, in the interests of justice, especially considering the nature of this matter, the Court will accept the filing.

a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1). The district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* The district court must consider the record and factual issues independent of the magistrate judge's report, as de novo review is "essential to the constitutionality of [§] 636." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990). The objecting party must state with particularity findings with which it disagrees, along with its basis for the disagreement. *Kohser v. Protective Life Corp.*, 649 F. App'x 774, 777 (11th Cir. 2016) (citing *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989)). The court will not consider "[f]rivolous, conclusive, or general objections." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988) (citation omitted).

## III.  DISCUSSION

Petitioner asserts several objections to the R&R. Specifically, Petitioner objects to the R&R insofar as it recommends the Court deny the Petition due to the credibility of Petitioner's testimony and find that the Child is well-settled, despite Respondent's concealment measures. Petitioner also objects that the rule of sequestration was violated during the evidentiary hearing before Magistrate Judge Irick.

As a preliminary matter, Petitioner's objection regarding the rule of sequestration is without merit. Petitioner asserts that Respondent's relatives remained in the courtroom after testifying. Petitioner also discusses at length the familial relationship between Respondent, Respondent's counsel, and some witnesses, arguing that "the credibility of the witnesses is at question due to the lack of candor to the Court by attorney Padilla and the violation of the rule of sequestration." (Doc. 96 at 1–2). However, Petitioner fails to

provide any legal basis for his objection, which is general and conclusory in nature. Thus, Petitioner's objection will not be considered. *Marsden*, 847 F.2d at 1548.

Next, Petitioner objects that the R&R errs in recommending that the Court deny the Petition due to Petitioner's credibility. Petitioner asserts several challenges to Magistrate Judge Irick's credibility determinations based on specific portions of testimony. "[T]o adequately determine the credibility of a witness . . . the fact finder must observe the witness. . . . This requirement is satisfied either by the district judge accepting the determination of the magistrate after reading the record, or by rejecting the magistrate's decision and coming to an independent decision after hearing the testimony and viewing the witnesses." *United States v. Powell*, 628 F.3d 1254, 1257 (11th Cir. 2010) (quotations omitted). Upon review of the record, the Court does not find a new hearing to be necessary, and the Court accepts Magistrate Judge Irick's credibility determinations. Thus, Petitioner's objection is overruled.

Petitioner also objects to the R&R's finding that the Child is well-settled even though Respondent actively concealed the Child. Regarding concealment, Petitioner argues that Respondent "should not be rewarded for her calculated moves to conceal the child from [Petitioner] and run the one-year clock." (Doc. 96 at 8). As set forth in the R&R, the evidence presented at the evidentiary hearing demonstrates that Petitioner had actual knowledge of the Child's location as early as January 2022. Therefore, the Court agrees with the R&R's finding that Respondent did not conceal the Child's whereabouts from Petitioner and the objection is overruled.

Additionally, as it relates to the well-settled defense, Petitioner's objections address the following factors: residential stability, school, financial stability, friends and

family, ties to Venezuela, and immigration status. The Court will address each objected-to factor in turn.

First, Petitioner objects that the Child's residence is not stable because he and Respondent have lived in their apartment since July 2022, the lease expires in August 2023, and Respondent did not demonstrate she will be able to secure another apartment. The Court agrees with the analysis set forth in the R&R that the Child's place of residence is stable, and Petitioner's objection is overruled.

Second, Petitioner objects that the Child attends a subpar school. However, the relevant question is whether the child attends school consistently, which is undisputed. *See De La Riva v. Soto*, 183 F. Supp. 3d 1182, 1200 (M.D. Fla. 2016). Thus, Petitioner's objection is overruled.

Third, Petitioner objects that Respondent is not financially stable because she and her husband do not have work permits and the Child receives free or reduced lunch at school. Although the ability of Respondent and her husband to work legally in the United States is unclear at best, Respondent testified that she also receives income from rental properties in Venezuela, which Petitioner does not dispute. With respect to free or reduced lunch, Petitioner failed to provide the Court with the program's income eligibility guidelines, and his argument is therefore conclusory. Moreover, Petitioner has not directed the Court to any evidence indicating Respondent has failed to adequately provide for the Child. As such, Petitioner's objection is overruled.

Fourth, Petitioner objects that the Child lacks close family and friends in the United States. Petitioner contends that the relationships the Child has formed with distant relatives are insignificant. The Court agrees with the analysis set forth in the R&R that the

Child has formed meaningful relationships in the United States, and Petitioner's objection is overruled.

Fifth, Petitioner objects that Respondent has prevented the Child from maintaining ties to his family in Venezuela. The R&R concluded that because the Child's lack of ties to Venezuela was caused by Respondent, this factor is neutral. Petitioner does not dispute that the Child has not maintained ties in Venezuela. And while this factor would appear to favor of Petitioner, as it relates to the well-settled defense, the Court agrees that the factor is neutral. Accordingly, Petitioner's objection is overruled.

Sixth, Petitioner objects that Respondent and the Child are subject to deportation. As set forth in the R&R, there is no dispute that Respondent and the Child's entry into the United States was unauthorized but that Respondent is seeking asylum. The Court disagrees with the R&R insofar as it determines the uncertain legal status of Respondent and the Child is a neutral factor. Rather, the Court finds this factor weighs slightly against finding that the Child is well-settled, and Petitioner's objection is sustained. *See Lopez v. Alcala*, 547 F. Supp. 2d 1255, 1260 (M.D. Fla. 2008) ("[T]he uncertain immigration status of a parent and her child is a factor suggesting that a child is not settled."). Nevertheless, based on evidence presented in this case, the Court is not convinced that this factor, standing alone, is sufficient to tip the scale in favor of Petitioner. *See Romero v. Bahamonde*, 857 F. App'x 576, 585 (11th Cir. 2021).

The Eleventh Circuit has instructed that a child is settled when "the child has significant connections to their new home that indicate that the child has developed a stable, permanent, and nontransitory life in their new country to such a degree that return would be to the child's detriment." *Fernandez v. Bailey*, 909 F.3d 353, 361 (11th Cir.

2018). Upon review of the record and considering the totality of the circumstances, the Court agrees with the R&R's determination that Respondent has carried her burden of proving that the Child is well-settled by a preponderance of the evidence. The Court in no way condones Respondent's actions, particularly the act of depriving Petitioner regular contact with the Child, but the Court is also mindful that sending the Child back to Venezuela at this point would be to his detriment. Therefore, the Petition is denied.

IV. **CONCLUSION**

For the reasons set forth herein, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Amended Objections (Doc. 96) are **SUSTAINED in part** as set forth in this Order and **OVERRULED** in all other respects.
2. The Report and Recommendation (Doc. 85) is **ADOPTED in part** and made a part of this Order to the extent consistent with that stated herein.
3. Petitioner's Verified Complaint and Petition for Return of a Minor Child to Venezuela (Doc. 1) is **DENIED**.
4. This Court's February 14, 2023 Order (Doc. 17) granting Petitioner temporary physical custody of the Child is **DISSOLVED**.
5. This case is **DISMISSED**.
6. The Clerk is directed to release Respondent's and the Child's travel documents to Respondent or her counsel. The Clerk is directed to release Petitioner's travel documents to Petitioner or his counsel.
7. The Clerk is directed to close this case.

**DONE AND ORDERED** in Orlando, Florida on May 2, 2023.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record